Dewey, J.
—Debt on a delivery-bond. The declaration recites the recovery of a judgment by Yantes against Eldrigde, the issuing of afi.fa. upon it, the delivery of the execution to one Homey, sheriff of Cass county, the seizure of certain property belonging to Eldridge by virtue of the execution, the release of the property upon the giving of the delivery-bond, and the return of the bond to the clerk’s office whence the *78 execution issued. It then sets out the bond executed by Eldridge and Cummings to Yantes in the penalty of $800, conditioned, after reciting the execution, and the seizure of the property thereon by Horney, the sheriff, for the purpose of being sold, “ that should the said Eldridge and Cummings deliver, or cause to be delivered, the aforesaid property, in as good condition as it is now in, in front of said Eldridge’s three-story brick store in the town of Logansport, on or before the 17th of May, 1839, then, &c.” The breach assigned is, “that the said Eldridge and Cummings did not, nor did either of them, deliver or cause to be delivered- the aforesaid property, or any part of it,” at the time and place specified, or at any other time. The defendants craved oyer of the bond and condition, and demurred generally. The condition’ of the bond corresponded with its description in the declaration. The Court overruled the demurrer, and rendered final judgment for the plaintiff on the verdict of a jury of inquiry.
It is'contended by the plaintiffs in error that the bond is a nullity, because its condition is not such as the statute regulating delivery bonds requires.
That statute enacts, that the officer seizing property on execution may release the same, upon a bond being given “conditioned for the delivery of such property, at a time anc. place named in such condition, to such officer to be sold according to law.” R. Stat., 1838, p. 279. The bond before us is certainly very loosely drawn. The condition does not name any one to whom the property was to be delivered. We do not, however, feel disposed to pronounce it a nullity *on account of this vagueness. Courts will give effect and meaning to contracts if possible, rather than declare them null and void for the want of certainty and clearness of expression. We learn from the condition of the bond that 'the property had been seized by Homey, the sheriff, for the purpose of being sold on an execution in favour of Yantes against Eldridge. The occasion and object of the bond are manifest. Its purpose was to secure the delivery of the property to be sold on the execution, or to give the judgment- *79 creditor a remedy in case of a failure. The officer wbo made tbe.seizure, and who held the execution, was, by the evident propriety of the case as well as by the statute, contemplated as the person to whom the property was to be delivered. The legal effect of the condition of the bond, that the property should be delivered at the time and place specified, is that it should then and there be delivered to the sheriff; and the condition might have been so treated in the declaration. But the bond and condition, being set out in hceo verba by the oyer, became a part of the declaration, and the Court will give them their proper construction. Hysinger v. Colman, May term,' 1841. The declaration is, however, still defective. The breach of the condition is too generally assigned; it does not designate any person to whom the property was not delivered; it should have averred that it was not delivered to the sheriff. The Circuit Court erred in overruling the demurrer.
C. W. Ewing and B. Brachenridge, for the plaintiffs.
C. Fletcher, 0. Butler, and 8. Yandes, for the defendant.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.